*260 Opinion of the Court, by
Ch. J Boyle.
THIS case was formerly before this court, and the opinion then given will be found reported in 2 Marshall, ggg
'R will there be seen, that M’Clanaban’s heirs, who were defendants in the circuit court, were, by the final *261 decree of that court, directed to convey certain lands to Henderson’s heirs, (the complainants,) and the latter directed to pay to the former a balance of rents, &c. reported by commissioners appointed to ascertain the value of the improvements and rents, and that from that decree M’Clanahan’s heirs having appealed, the decree was affirmed by this court.
Where a decree rendered for an occupant, for the excess of the improve^ raents above the rents, is affirmed in this court, the" circuit court cannot, on the presentation of the certificate of • affirmance, appoint commissioners to assess the rents from the date or the former report, and order a credit for them on the original decree.
Rents accrued between the date of a final decree , in the circuit court and re* turn of the certificate of affirmance in this court, cannot be re*, covered in any mode.
Qn the affirmance of the decree being certified to the circuit court, that court, at the instance of Henderson’s heirs, appointed commissioners to value the rents' which had accrued subsequent to the report made by the former commissioners; and the commissioners so appointed having reported rents to a considerable amount, M’Clanahan’s heirs appeared by their counsel, and objected to the proceedings; bht the court overruled their objection, and entered a decree allowing a credit for the amount of rents thus reported, upon the sum which had been before decreed to M’Clanaban’s heirs; and to reverse that decree, they have brought the case to this court by writ of error.
It is perfectly clear, that the proceedings had in the circuit.court subsequent to the affirmance of the original decree by this court, are wholly irregular, ami unwarranted by any known rules of practice in'courts of equity.
After the final decree had been affirmed by this court, the cause was at an end, and the parlies out of court; and, of course, the circuit court bad ño further control over the cause, exeept for the purpose of executing that decree; and, consequently, if Henderson’s heirs had a right to the rents which had accrued subsequently to the report of the former commissioners, they' could only oblainthem by a supplemental bill, or other bill in the nature of a supplemental bill, filed for that purpose; and to permit them to assert their right, as -was done in this case, on motion made ex parte, is obviously inadmissible.
But, according to the case of Head, &c. vs. Perry, &c. decided at this term, [next preceding case, p. 257-60,] Henderson’s heirs could not, even on a bill regularly filed for that purpose, obtain the subsequently accruing rents, after a final decision of the causo. To sanction such a claim, is fhere shown to be unwarranted by precedent and forbidden by good policy.
Crittenden, for plaintiffs; J-jaggin and Talbol% for de>> fondants.
The decree of the circuit court, allowing to the com,-plainants in that cau.rt a credit or discount for the;. amount o.f rents reported by the commissioners appoint-ed to assess the rents, after the affirmance of the original decree by this court, is. therefore erroneous, and must be reversed with costs.